ACCEPTED
12-15-00058-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/19/2015 12:37:33 AM
CATHY LUSK
CLERK

## NO. 12-15-00058-CV

**IN THE
TWELFTH COURT OF APPEALS
TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/19/2015 12:37:33 AM
CATHY S. LUSK
Clerk

**IN RE JEANETTE B. DAVIDSON, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF GARY L. DAVIDSON, DECEASED,**

*RELATOR*

**Original Proceeding from Cause No. 15063 in the County Court at Law, Anderson County, Texas**

**On Petition for Writ of Mandamus to the County Court at Law of Anderson County, Texas**

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Jeffrey L. Coe
State Bar No. 24001902
1000 N. Church St.
P.O. Box 1157
Palestine, Texas  75802-1157
(903) 723-0331 Telephone
(888) 651-6851 Fax
Email: jeff@coelawfirm.com
**Attorney for Real Party in Interest**

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................. ii

INDEX OF AUTHORITIES........................................................................... iii

ISSUES PRESENTED...................................................................................1

STATEMENT REGARDING ORAL ARGUMENT........................................1

STATEMENT OF FACTS .............................................................................1

SUMMARY OF THE ARGUMENT ...............................................................2

ARGUMENT ...............................................................................................3

    1.  The Court should deny mandamus relief because Relator does not have standing to challenge venue of the probate proceeding...................................3

    2.  Alternatively, the Court should deny mandamus relief because Relator's request for transfer of venue was not timely asserted and was waived ..........5

PRAYER......................................................................................................5

SIGNATURE OF COUNSEL .........................................................................6

CERTIFICATE OF COMPLIANCE ...............................................................7

CERTIFICATE FOR FACTUAL STATEMENTS.............................................8

CERTIFICATE OF DELIVERY .....................................................................9

APPENDIX...................................................................................................10

# INDEX OF AUTHORITIES

CASES:

*Abrams v. Ross' Estate,*
    250 S.W. 1019, 1021 (Tex. Comm'n App. 1923).....................3

*City of Dallas v. Woodfield*,
    305 S.W.3d 412, 416 (Tex.App.—Dallas 2010, no pet.).........3

*Crowson v. Wakeham*,
    897 S.W.2d 779, 783 (Tex. 1995).....................5

*Daimler Chyrsler Corp. v. Inman*,
    252 S.W.3d 299, 304 (Tex. 2008).....................3

*Estate of Padilla*,
    103 S.W.3d 563, 566 (Tex.App.—San Antonio 2003, no pet.).............5

*Griffin v. Wolfe*,
    610 S.W.2d 466, 466 (Tex. 1980).....................5

*In re Estate of Wooten,*
    Case No. 12-10-00276-CV (Tex.App.—Tyler 2012)..............5

*In re Hudson*,
    325 S.W.3d 811 (Tex.App.—Dallas 2010, no pet.)................6

*Interfirst Bank-Houston, N.A. v. Quintana Petroleum Corp.,*
    699 S.W.2d 864, 874 (Tex.App.—Houston
    [1st Dist.] 1985, writ ref'd n.r.e.).....................6

*Jarvis v. Field*,
    327 S.W.3d 918 (Tex.App.—Corpus Christi 2010) ................6

*Tex. Ass'n of Bus. V. Tex. Air Control Bd.*,
    852 S.W.2d 440, 445-446 (Tex. 1993) .....................3

*Womble v. Atkins*,
    160 Tex. 363, 331 S.W.2d 294, 296 (1960)..............3

STATUTES:

Texas Probate Code § 3(r) .....................4, 5

Texas Probate Code § 8A(a) .....................4

Texas Probate Code § 145(h)..............................................................................1, 4

## ISSUES PRESENTED

1.       Whether Relator had standing to file a motion to transfer venue when the only pleading filed was a motion to transfer venue and no other underlying claim, cause of action, or request of the court.

2.       Whether Relator timely filed a motion to transfer venue following the admission of a will to probate and issuance of letters testamentary and when the court order required that no other action be taken in the court other than the filing of the Inventory, Appraisement and List of Claims in accordance with the Texas Probate Code section 145(h).

## STATEMENT REGARDING ORAL ARGUMENT

Real Party in Interest does not request oral argument and believes that argument would not be helpful in assisting the Court.

## STATEMENT OF FACTS

On July 24, 2012, Benjamin Stone Haynes filed an Application to Probate Will and for Issuance of Letters Testamentary.  (Relator's Tab 3)  On August 8, 2012, the Honorable Jeff Doran entered an Order Probating Will and Authorizing Letters Testamentary.  (Relator's Tab 6) The Inventory, Appraisement and List of Claims was filed with the court on October 15, 2012. (Relator's Tab 7) On October 26, 2012, Relator filed a Motion to Transfer Venue claiming that venue was improper in Anderson County, Texas but failing to state how Relator had an interest in the estate.  (Relator's Tab 8)  Ben Haynes, as Independent Executor of the Estate of Stone Haynes, Deceased, filed a Response to Defendant's Motion to Transfer Venue.  (Relator's Tab 9) At the time the motion to transfer was filed and at all times subsequent to its filing, there was no request for relief pending before the trial court and nothing for the trial court to consider other than the motion to transfer venue filed by Relator.  A hearing was held on the motion and

1

response thereto, and the trial court signed an Order Denying Defendant's Motion to Transfer Venue on February 10, 2015. (Relator's Tab 18) Relator has included numerous items in the Appendix that were not part of Cause Number 15,063 and are outside the record, including but not limited to Tab 20 Petition in Cause No. 11,953, Tab 22 Motion to Transfer Venue in Cause No. 11,953, Tab 23 Defendant's Answer in Cause No.. 11,953, Tab 24 Amended Reply to Ben Haynes' Response to Defendants' Motion to Transfer Venue in Cause No. 11,953, Tab 25 Response to Defendant's Motion to Transfer Venue in Cause No. 11,953, Tab 26 Amended Motion to Transfer Venue in Cause No. 11,953, and Tab 27 Second Amended Petition in Cause No. 11,953.

## SUMMARY OF ARGUMENT

The trial court did not abuse its discretion when it entered the order denying Relator's request to transfer venue since Relator did not have standing to bring the motion to transfer venue and never established that Relator was an interested party and had a right to participate in Cause Number 15,063.

Alternatively, the request for transfer was not timely and therefore waived since the phase of the proceeding relating to admission of the will to probate was completed and there was no other relief pending before the court at the time of the filing the motion to transfer venue, nor since the filing the of the motion to transfer venue. Relator would have been required to file the motion prior to entry of the final, appealable order which was the order probating will and authorizing letters testamentary.

**ARGUMENT**

**1.        Relator Lacked Standing to File a Motion to Transfer Venue**

To bring a claim or request for some type of relief, a party must have standing. *Daimler Chyrsler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008).   The Texas Supreme Court has stated "It is not the policy of the State of Texas to permit those who have no interest in a decedent's estate to intermeddle therein." *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294, 296 (1960).   The Texas Supreme Court in discussing general standing requirements stated that "To hold that Inman, Castro, and Wilkins have standing would drain virtually all meaning from the requirements that a plaintiff must be 'personally aggrieved' and that his injury must be 'concrete' and 'actual or imminent." *Daimler Chrysler* at 304.   Standing cannot be waived and may be examined on appeal sua sponte if necessary. *Tex. Ass'n of Bus. V. Tex. Air Control Bd.*, 852 S.W.2d 440, 445-446 (Tex. 1993).   Reviewing the Motion to Transfer Venue filed by Relator on October 26, 2012 shows no facts asserting an interest in the estate of the decedent.   Standing requires that a controversy continue to exist between the parties at every stage of the legal proceedings, including the appeal.   *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex.App.—Dallas 2010, no pet.).   The court in *Abrams v. Ross' Estate* held that "…the burden is on every person appearing to oppose the probate of a will to allege, and if required, to prove that he has some interest in the estate of the testator which will be affected by such will if admitted to probate."   250 S.W. 1019, 1021 (Tex. Comm'n App. 1923).   The court went on to characterize someone who lacked the ability to demonstrate that interest in the estate as a "mere meddlesome intruder."   *Id.* Real Party in Interest contends that Relator has done exactly that, intruded upon this proceeding in which Relator has absolutely no interest.   In the case before this Honorable Court, there was no controversy existing between the parties in regard to the

3

independent administration of the estate of the Decedent. Relator filed a motion to transfer venue without asserting any justiciable claim before the trial court and now asks this Court to find that the trial court clearly abused its discretion. The request for transfer was not accompanied by nor did it include any claim by any beneficiary of the estate, no claim by a creditor of the estate, no claim for any homestead rights, or requests to set aside exempt property. What exactly is Relator contending the responsibility of the receiving court would be in the event this Court granted the relief and transferred the case to San Augustine County? There are no pending motions. No pending applications. No requests for affirmative relief that have been asserted in this case before the Court. As shown below, the order admitting the will to probate and granting letters testamentary was a final order in every sense of the word.

Texas Probate Code § 8A(a) recited by Relator states that an interested party may file a request for transfer. The Texas Probate Code § 3(r) defined "interested persons" as "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered; and anyone interested in the welfare of an incapacitated person, including a minor." Relator has never established standing as an interested person in the Estate of Stone Haynes, Deceased. Relator fails to set forth in this request for mandamus how Relator is 1) an heir; 2) a devisee; 3) spouse; 4) creditor; 5) having a property right in, or claim against the estate being administered. No claim was ever tendered against the estate in accordance with the respective Texas Probate Code sections regarding claim presentment. Relator was not a party entitled to citation under the Texas Probate Code and was not entitled to any type of notice regarding the hearing on probate of the will. Texas Probate Code § 145(h) states that "When an independent administration has been created, and the order appointing an independent executor has been entered by the county court, and the inventory, appraisement, and list aforesaid has

4

been filed by the executor and approved by the county court or an affidavit in lieu of the inventory, appraisement, and list of claims has been filed by the executor, as long as the estate is represented by an independent executor, further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court."

This Honorable Court previously addressed the issue of what constitutes a final appealable order in *In Re Estate of Wooten*. Case No. 12-10-00276-CV (Tex.App.—Tyler 2012). This Court found that since the trial court addressed all of the relief requested in the pending application and the court's order had disposed of that phase of the proceeding, the order was a final and appealable order. *citing Estate of Padilla*, 103 S.W.3d 563, 566 (Tex.App.—San Antonio 2003, no pet.) and *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980). The only phase that existed in this case was the application for probate and issuance of letters testamentary and the order granting probate and issuance of letters testamentary. There were never any other requests for relief asserted by anyone, including Relator. Relator has no justiciable interest in the estate, nor did Relator meet the required definition of an "interested party" under the Texas Probate Code section 3(r). The request for mandamus should be denied as a result of Relator's lack of standing to have filed the motion to transfer venue in the probate matter.

**2. Alternatively, Relator's Motion to Transfer Venue Was Not Timely Filed Since a Final, Appealable Order was Entered by the Trial Court.**

Even if Relator was able to meet the threshold question of having a right to assert a request to transfer venue, the motion was waived as a result of the untimeliness of its filing. There were no issues raised that remained before the court and there were no parties that were not disposed of. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). In order for the

5

request for transfer to have been timely, it should have been made prior to entry of the final appealable order. *Jarvis v. Field*, 327 S.W.3d 918 (Tex.App.—Corpus Christi 2010). Although the court in *Jarvis* was dealing with a pro se litigant that failed to file a motion to transfer at all, the underlying rule enunciated applies: failure to timely object to venue waives the complaint. *Id.* The Dallas Court of Appeals states that when an order in a probate case disposes of all of the claims and parties at a particular phase of the proceedings, it is an appealable order. *In re Hudson*, 325 S.W.3d 811 (Tex.App.—Dallas 2010, no pet.). The court went on to state "In this case, the trial court's order admits the will to probate, appoints real party in interest as independent executrix, and states that no other action shall be had in the probate court other than the return of an inventory, appraisement, and list of claims. We find this order has 'sufficient attributes of finality to confer appellate jurisdiction…" *Id.* Furthermore, there is no specific requirement under Texas law for an express order closing an estate. The court in *Interfirst Bank-Houston, N.A. v. Quintana Petroleum Corp.* states that "[s]ince closing procedures provided by Section 151 and 152 are not mandatory, the final distribution of an estate's assets after all debts and claims against the estate are paid results in the closing of the estate." 699 S.W.2d 864, 874 (Tex.App.—Houston [1ˢᵗ Dist.] 1985, writ ref'd n.r.e.). All business involving the Estate of Stone Haynes, Deceased, was complete and there was no further need of any action in the court.

## **PRAYER**

**WHEREFORE** Real Party in Interest prays that upon consideration hereof this Honorable Court deny Relator's petition for writ of mandamus and grant any and all further relief to which Real Party in Interest is legally entitled.

Respectfully submitted,

By:*/s/ Jeffrey L. Coe*

Jeffrey L. Coe
Attorney at Law
State Bar No. 24001902
1000 N. Church St.
P.O. Box 1157
Palestine, TX  75802-1157
Tel. (903) 723-0331
Fax. (888) 651-6821
Email: jeff@coelawfirm.com
Attorney for Real Parties in Interest

## CERTIFICATE OF COMPLIANCE

**COMES NOW**, Jeffrey L. Coe, Attorney for Relator, and hereby certifies that the Response to Petition for Writ of Mandamus contains 2,565 words including the caption, table of contents, index of authorities, statement of the case, issues presented, statement regarding oral argument, statement of facts, summary of the argument, argument, signature, certificate for factual statements, and certificate of delivery.

*/s/ Jeffrey L. Coe*
Jeffrey L. Coe,
Attorney at Law

## CERTIFICATE FOR FACTUAL STATEMENTS

Pursuant to Rule 52.3(j) and Rule 52.4 of the Texas Rules of Appellate Procedure, I certify that I have reviewed the response and have concluded that every factual statement made in the response is supported by competent evidence included in the appendix or record.

/s/ Jeffrey L. Coe
Jeffrey L. Coe,
Attorney for Real Party in Interest

## CERTIFICATE OF DELIVERY

A true and correct copy of the foregoing instrument has been served in accordance with the Texas Rules of Appellate Procedure via Hand Delivery, Email Delivery, and/or Fax Delivery on this the ___19th___ day of March, 2015, upon the following:

VIA HAND DELIVERY
Honorable Jeff Doran
County Court at Law of Anderson County
500 N. Church St.
Palestine, Texas 75801

VIA EMAIL AND FAX DELIVERY
Thomas R. McLeroy, Jr.
P.O. Box 668
Center, Texas 75935
(936) 598-2701
(936) 598-6086 Fax
Email: mcleroylaw@sbcglobal.net

/s/ Jeffrey L. Coe
Jeffrey L. Coe,
Attorney at Law