**In re James C.C. HUDSON, Relator.**

**No. 05–10–01300–CV.**

Court of Appeals of Texas, Dallas.

Oct. 22, 2010.

Will Ford Hartnett, James J. Hartnett, The Hartnett Law Firm, Dallas, for Relator.

Mary C. Burdette, Calloway, Norris, Burdette & Weber, Dallas, for Real Party in Interest.

Before Justices O'NEILL, FITZGERALD, and LANG–MIERS.

**OPINION**

Opinion by Justice LANG–MIERS.

Relator contends the trial court erred in denying him a trial by jury. We conclude relator has an adequate remedy on appeal and deny his petition for writ of mandamus. *See* Tex.R.App. P. 52.8(a); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding).

The case below involves a will that was filed for probate by real party in interest. Relator filed a general denial and a jury demand. The trial court heard the applica-

tion without a jury over relator's objection, and rendered an order admitting the will to probate. Relator then filed this petition for writ of mandamus seeking to have the trial court's order vacated and the matter set for a jury trial.

In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that he has no adequate appellate remedy. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Because probate proceedings are an exception to the general rule that there is only one final judgment in a case, we must determine whether the trial court's order was final and appealable. *See De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex.2006). When an order in a probate case disposes of all of the claims and parties at a particular phase of the proceedings, it is an appealable order. *Id.* at 579; *In re Guardianship of Miller,* 299 S.W.3d 179, 184 (Tex.App.-Dallas 2009, no pet.). In this case, the trial court's order admits the will to probate, appoints real party in interest as independent executrix, and states that no other action shall be had in the probate court other than the return of an inventory, appraisement, and list of claims. We find this order has "sufficient attributes of finality to confer appellate jurisdiction," and therefore relator has an adequate remedy by appeal. *See id.* Accordingly, we **DENY** the petition for writ of mandamus.