COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | No. 08-10-00324-CV |
| IN THE ESTATE OF EDMUND B. COLEMAN, DECEASED | § | Appeal from the |
| | § | Probate Court No. 1 |
| | § | of El Paso County, Texas |
| | § | (TC# 2008-P01335) |

**O P I N I O N**

This is a dispute between Regina Mace Coleman and John Edmund Coleman concerning the estate of Edmund B. Coleman. The trial court granted John's application to admit a will to probate.[1] Regina appeals from this order. We affirm in part and reverse and remand in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 2008, John filed an application for probate of a will and for issuance of letters testamentary. The application alleged that John is Edmund's son, that John was named as executor of Edmund's estate in a self-proving will dated November 20, 2008, and that Edmund died on December 18, 2008, at the age of 82. The application further alleged that Edmund was divorced from Rebecca Ramirez Coleman on May 27, 2008, and that he "may have been married" to Regina at the time of his death in December of that same year. The probate court issued an order admitting the will to probate, appointing John independent executor, and

---

[1] Because the parties have the same last name, we will refer to them by their first names.

directing that letters testamentary issue to John.

Regina filed a motion for new trial, asserting that she was undergoing medical treatment in Massachusetts when the will was admitted to probate. The trial court granted the motion for new trial in March 2009. Regina also filed a petition in opposition to probate of the will. She contended that the will should not have been admitted to probate because it was not executed in accordance with the formalities required for a self-proving will, Edmund did not have testamentary capacity to execute the will, and the will was the result of undue influence, fraud, and fraudulent inducement.

In January 2010, John filed a motion for a no-evidence summary judgment on Regina's claims. Regina filed a response, along with her own affidavit as summary judgment evidence. John made fifty objections to the affidavit. The trial court overruled eleven of the objections and sustained the remainder. On April 22, 2010, the court granted John's motion for summary judgment.

On July 28, 2010, the trial court issued another order admitting the will to probate. Regina filed a timely motion for new trial, asserting that she was not notified of the hearing that resulted in this order. The trial court denied this motion for new trial, and Regina filed a notice of appeal on October 14, 2010.

## JURISDICTION

Before addressing the issues raised by Regina, we pause to consider whether we have jurisdiction over this appeal. In his brief, John argues that the order granting summary judgment was a final order and that Regina failed to "preserve her right to appeal" because she did not file a notice of appeal or any motion to extend the appellate deadlines within thirty days after that

order was signed.  Although not expressly couched as such, we construe this argument as a challenge to our jurisdiction, which we have an obligation to resolve before proceeding to the merits of the appeal.  *See In re Estate of Morales*, 345 S.W.3d 781, 783 (Tex.App.--El Paso 2011, no pet.).

"A final order issued by a probate court is appealable to the court of appeals."  TEX.PROB. CODE ANN. § 4A(c)(West Supp. 2011).  Outside the probate context, an order granting summary judgment is not considered to be a final order unless it disposes of the entire case.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001).  But in probate cases, an order may be considered final even if it does not dispose of the entire probate proceeding.  *See Crowson v. Wakeham*, 897 S.W.2d 779, 781-82 (Tex. 1995).  In *Crowson*, the Supreme Court adopted the following test to determine whether a probate order is final:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls.  Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id*. at 783.  In adopting this test, the court noted that it has a policy of avoiding "constructions that defeat bona fide attempts to appeal."  *Id*.

There is no statute declaring the summary judgment at issue here to be final and appealable.  Accordingly, the order will be considered final only if it disposed of a particular phase of the proceedings.  On the other hand, "if there is a proceeding of which the order . . . may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of," the order is not final.  *Crowson*, 897 S.W.2d at 783.

The Probate Code sets forth the procedure for probating and contesting a will.  A person

who wishes to probate a will and obtain letters testamentary must prove to the satisfaction of the court that the testator has been dead for less than four years, the court has jurisdiction and venue over the estate, citation has been served and returned in the proper manner, the will was not revoked, and the applicant is named as executor in the will and is not disqualified from obtaining letters testamentary. TEX.PROB.CODE ANN. § 88(a)-(c)(West 2003). The probate court must grant an application to probate a will and issue letters testamentary if, after a hearing, the court is satisfied that the will should be admitted to probate. *Id*. at § 89. "After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof . . . ." *Id*. at § 93.

Here, John filed an "Application for Probate of Will and Issuance of Letters Testamentary," which the trial court granted. Rather than filing a contest to the will, Regina filed a motion for new trial and a "Petition in Opposition to the Probate of Will and Issuance of Letters Testamentary." When the court granted the motion for new trial, it expressly set aside the previous order admitting the will to probate. John then filed a motion for summary judgment on all of the claims raised in Regina's petition in opposition. The court granted the motion as to each claim.

We believe that the summary judgment may logically be considered part of the proceedings to admit the will to probate and authorize letters testamentary. By granting summary judgment on all of Regina's claims, the court apparently eliminated all of the substantive challenges to the will and ended Regina's role in the case. But the summary judgment was not a final order because it left unresolved John's requests to admit the will to probate, issue letters testamentary, and appoint him as executor. *See In re Estate of Rabke*, No. 04-07-00757-CV,

2009 WL 196328, at *1, *7 (Tex.App.--San Antonio Jan. 28, 2009, pet. denied)(mem. op.)(holding that no-evidence summary judgment regarding appellant's contest to application for probate of will was interlocutory). *But cf. Rosin v. Berco & Leja Rosin Trust*, No. 04-08-00601-CV, 2009 WL 1956386, at *1-*2 (Tex.App.--San Antonio July 8, 2009, pet. denied)(mem. op.)(holding that order dismissing will contestants' claims with prejudice, after will had already been admitted to probate, was a final order).

Months after the summary judgment was entered, the court entered the second order admitting the will to probate. The order recites that the statutory requirements were satisfied and that the court heard testimony and reviewed the will. The order also states that the will named John as independent executor, to serve without bond, and that John is qualified to act as executor and to receive letters testamentary. The order concludes by stating that John took the required oath, that letters testamentary shall issue to John, "who is appointed as Independent Executor of Decedent's Will and Estate; and no other action shall be had in this Court than the return of an Inventory, Appraisement and List of Claims as required by law." This is a final order that ended a phase of the probate proceedings. *See In re Hudson*, 325 S.W.3d 811, 811 (Tex.App.--Dallas 2010, orig. proceeding)(holding that an order was appealable where it admitted a will to probate, appointed an independent executrix, and stated that no other action would occur in the probate court other than the return of an inventory, appraisement, and list of claims).

Regina's notice of appeal was timely when measured from the second order admitting the will to probate. *See* TEX.R.APP.P. 26.1(a)(1). Accordingly, we have jurisdiction over this appeal.

## SUMMARY JUDGMENT

The trial court granted John's motion for a no-evidence summary judgment against Regina on the issues of whether the will was executed with the requisite statutory formalities, whether Edmund lacked testamentary capacity, and whether the will was the product of undue influence, fraud, or fraudulent inducement. The court also granted summary judgment against Regina on the issue of whether there was a confidential relationship between John and Edmund. In her first issue, Regina asserts that the trial court erred in granting the no-evidence summary judgment because John had the burden of proof.

The no-evidence summary judgment rule allows a party to move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the adverse party would have the burden of proof at trial. *See* TEX.R.CIV.P. 166a(i). It is error for a trial court to grant a no-evidence summary judgment on a claim for which the moving party bears the burden of proof. *See Battin v. Samaniego*, 23 S.W.3d 183, 185-86 (Tex.App.--El Paso 2000, pet. denied).

Before a will is admitted to probate, the proponent of the will bears the burden of establishing that it was properly executed and that the testator had testamentary capacity. *See Schindler v. Schindler*, 119 S.W.3d 923, 931 (Tex.App.--Dallas 2003, pet. denied); *Guthrie v. Suiter*, 934 S.W.2d 820, 829 (Tex.App.--Houston [1st Dist.] 1996, no writ). The proponent may make out a prima facie case on these issues by introducing a self-proving will into evidence. At that point, the burden of producing evidence negating testamentary capacity shifts to the opponent of the will, although the burden of persuasion always remains with the proponent. *Schindler*, 119 S.W.3d at 931; *Bracewell v. Bracewell*, 20 S.W.3d 14, 26 (Tex.App.--Houston [14th Dist.] 2000, no pet.); *Guthrie*, 934 S.W.2d at 829; *Reynolds v. Park*, 485 S.W.2d 807, 815-

16 (Tex.Civ.App.--Amarillo 1972, writ ref'd n.r.e.). After a will is admitted to probate, a will contestant has the burden of establishing that the will was not properly executed and that the testator did not have testamentary capacity. *In re Estate of Warren*, No. 12-09-00256-CV, 2010 WL 2638067, at *2 (Tex.App.--Tyler June 30, 2010, pet. denied)(mem. op.); *In re Estate of Graham*, 69 S.W.3d 598, 605 (Tex.App.--Corpus Christi 2001, no pet.).

Under this authority, John had the initial burden of establishing that the will was properly executed and that Edmund had testamentary capacity. He argues that the burden shifted to Regina because the will is self-proving. The problem with this argument is that John did not introduce the will into evidence as summary judgment proof. Instead, he filed a no-evidence motion. John relies on the fact that the will had been admitted to probate before the court granted Regina's motion for new trial. However, "when the trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). John also points out that the probate court had the authority to grant a new trial as to only part of the case or to withdraw the order granting the new trial. However, the order granting the new trial expressly "sets aside" the entire previous order admitting the will to probate, and there is nothing in the record to show that the court withdrew the new trial order.

We conclude that the court erred by granting the no-evidence summary judgment on the issues of whether the will was executed with the requisite statutory formalities and whether Edmund lacked testamentary capacity. But the fact that the summary judgment was improper as to these issues does not mean that the entire summary judgment must be vacated. *See, e.g., Tex. Builders Ins. Co. v. Molder*, 311 S.W.3d 513, 523 (Tex.App.--El Paso 2009, no pet.)(reversing

-7-

summary judgment in part).

If a will opponent's challenges to a will are based on a confidential relationship between the testator and the will proponent, the opponent has the burden of establishing a confidential relationship. *See Anaya v. Estrada*, 447 S.W.2d 245, 247 (Tex.Civ.App.--El Paso 1969, no writ). If no confidential relationship is established, the opponent has the burden to show undue influence, fraud, or fraudulent inducement. *See Urbanczyk v. Urbanczyk*, 278 S.W.3d 829, 833 & n.4 (Tex.App.--Amarillo 2009, no pet.); *Buckner v. Buckner*, 815 S.W.2d 877, 880 (Tex.App.--Tyler 1991, no writ). Since Regina had the burden of proof, the court could grant a no-evidence summary judgment on these claims if Regina failed to present evidence raising a fact issue. Therefore, we only sustain Regina's first issue in part.

In her second issue, Regina argues that the trial court erred by granting summary judgment because her affidavit "provided proof of the matters raised in her pleadings." Although this issue is worded broadly enough to encompass arguments regarding all of Regina's claims, her briefing only mentions lack of testamentary capacity. It thus appears that she has waived any error in the summary judgment as to undue influence, fraud, and fraudulent inducement. *See Rangel v. Progressive County Mut. Ins. Co.*, 333 S.W.3d 265, 269-70 (Tex.App.--El Paso 2010, pet. denied).

Although John does not assert that Regina waived any error as to these claims, he does point out that Regina's brief fails to challenge the trial court's order sustaining his objections to her affidavit. Accordingly, we cannot consider most of the affidavit. *See Little v. Needham*, 236 S.W.3d 328, 331 (Tex.App.--Houston [1st Dist.] 2007, no pet.). In the interest of justice, we will briefly address whether the remaining portions of the affidavit raise a fact issue as to undue

influence, fraud, and fraudulent inducement.

There are only two remaining portions of the affidavit that are arguably relevant to these claims. First, the affidavit incorporates the allegations in Regina's response to the summary judgment motion. The response contains numerous factual conclusions that correspond with the elements of the claims. For example, the response states that Edmund "was in a weakened mental and physical condition, and was susceptible to the exertion of undue influence" and that John "made deliberately false statements" about Regina to Edmund. These conclusions are not competent summary judgment proof. *See Univ. of Tex. Sys. v. Ainsa, Skipworth, Zavaleta and Butterworth*, 823 S.W.2d 692, 695 (Tex.App.--El Paso 1992, no writ); *Harley–Davidson Motor Co., Inc. v. Young*, 720 S.W.2d 211, 213 (Tex.App.--Houston [14th Dist.] 1986, no writ).

Second, the affidavit states that approximately one month before the will was executed, Regina saw Edmund with "big thick glasses," although he had not previously worn glasses. At that time, he was not able to read, to answer his cell phone, or to sign his name without help in holding the pen. Although this suggests that Edmund may have been susceptible to influence, it does not raise a fact issue on all of the elements of Regina's claims. *See Garcia v. Vera*, 342 S.W.3d 721, 725 (Tex.App.--El Paso 2011, no pet.)(elements of fraud); *Turner v. Hendon*, 269 S.W.3d 243, 252-53 (Tex.App.--El Paso 2008, pet. denied)(elements of undue influence).

We overrule Regina's second issue.

## NEW TRIAL

In her third and fourth issues, Regina argues that the trial court erred in denying her second motion for new trial because she received no notice of the final hearing that resulted in

the second order admitting the will to probate. It is unnecessary to address these issues. Having sustained Regina's first issue in part, we must reverse the order admitting the will to probate regardless of whether Regina was entitled to notice of the hearing.

## CONCLUSION

The probate court's July 28, 2010 order admitting the will to probate is reversed. The cause is remanded for further proceedings on Regina's claims that the will was not executed with the requisite statutory formalities and that Edmund lacked testamentary capacity. In all other respects, the order granting summary judgment is affirmed.

November 21, 2011

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Antcliff, J., and Chew, C.J. (Senior)
Chew, C.J. (Senior)(Sitting by Assignment)

-10-