

# Fourth Court of Appeals
## San Antonio, Texas

May 4, 2020

No. 04-19-00600-CV

**IN THE ESTATE OF RAMONA MORENO, DECEASED**

From the County Court at Law No 2, Webb County, Texas
Trial Court No. 2017PB7000034-L2
Honorable Victor Villarreal, Judge Presiding

# O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Irene Rios, Justice

An appellate court "must consider [its] jurisdiction" over an appeal, "even if that consideration is sua sponte." *Freedom Commc'n Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). It appears from the appellate record that we lack jurisdiction over this appeal. The order challenged on appeal, an order granting a motion for no-evidence summary judgment, appears to be interlocutory for the reasons set out below.

The relevant background is as follows. On May 3, 2017, Jose R. Perez Jr. filed an application to probate Ramona Moreno's last will and testament with a codicil. In the application, Perez, who was named independent executor in the codicil, asked the trial court to admit Moreno's will and the codicil to probate and to issue him letters testamentary.

On May 25, 2017, Josefina Gutierrez, Teresa Rodriguez, and Evangelina M. Galvan ("the contestants") filed a petition to contest the validity of the codicil. In their first amended petition, the contestants alleged that Moreno lacked testamentary capacity when she executed the codicil. Alternatively, the contestants alleged that that Elsa P. Saenz had exercised undue influence over Moreno or had perpetuated fraud when Moreno executed the codicil.

The original will proponent, Perez, died before the will and codicil were admitted to probate. After Perez died, Saenz, as successor independent executor, filed a first amended application to probate Moreno's will and codicil. In the amended application, Saenz asked the trial court to admit Moreno's will and codicil to probate and to issue her letters testamentary. Saenz also filed a motion for no-evidence summary judgment, arguing that the contestants could produce no evidence to rebut the presumption of Moreno's testamentary capacity and no evidence that Saenz had exercised any undue influence or perpetuated fraud. In the no-evidence summary judgment motion, Saenz asked the trial court to render a take-nothing judgment against the contestants. On July 12, 2019, the trial court signed an order granting Saenz's no-evidence summary judgment motion. The contestants filed a notice of appeal, stating that they intended to appeal the trial court's order granting the no-evidence summary judgment motion against them.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Probate proceedings are an exception to the 'one final judgment' rule; in such cases, multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (internal quotations omitted). However, "[n]ot every interlocutory order in a probate case is appealable." *Id*. The Texas Supreme Court has articulated the test for appellate courts to determine their jurisdiction over an "ostensibly interlocutory probate order" as follows:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, *if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.*

*Id*. (quoting *Crowson v. Wakeham*, 897 S.W.3d 779, 783 (Tex. 1995)) (emphasis added).

In applying this test to the present case, we must determine if there was a proceeding of which the order granting no-evidence summary judgment may logically be considered a part, and if one or more pleadings also part of that proceeding raise issues or parties of which the trial court has not disposed. *See Riddick v. Marmolejo*, No. 04-14-00157-CV, 2014 WL 953464, at *2 (Tex. App.—San Antonio Mar. 12, 2014, no pet.) (applying *Crowson* test and concluding a dismissal order was interlocutory and not immediately appealable when the order could logically be considered part of a proceeding in which issues were still pending).

Here, the order granting no-evidence summary judgment on testamentary capacity and undue influence may logically be considered part of the proceeding still pending in the trial court. *See In re Estate of Coleman*, 360 S.W.3d 606, 609 (Tex. App.—El Paso 2011, no pet.) ("We believe the summary judgment may logically be considered part of the proceedings to admit the will to probate and authorize letters testamentary.") Saenz's amended application to admit Moreno's will and codicil remains pending in the trial court. The trial court has not disposed of the threshold issues in Saenz's amended application, such as whether or not the will and codicil were properly executed and whether or not Moreno had testamentary capacity when she executed the will and codicil remains pending. *See In re Estate of Hemsley*, 460 S.W.3d 629, 634 (Tex. App.—El Paso 2014, pet. denied) ("When a contest is filed before the will is admitted to probate, the proponent of the will bears the burden of establishing that it was properly executed and that the testator had testamentary capacity."). Additionally, Saenz's other issues such as her request to admit the will and codicil to probate, to appoint her as independent executor, and to issue letters testamentary have not been resolved by the trial court. Therefore, the trial court's July 12, 2019 order granting no-evidence summary judgment does not dispose of all causes of action in this phase of the proceeding. Under the *Crowson* test, the order granting no-evidence summary judgment is an interlocutory order and is not immediately appealable. *See Coleman*, 360 S.W.3d at 610 (noting summary judgment order disposing of a will contestant's claims was not a final, appealable order because it left unresolved the will proponent's requests to admit the will to probate, appoint him as executor, and issue letters testamentary).

Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a person may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. We have not found any statutory authority that allows a party to appeal from the type of interlocutory order appealed in the present case.

We, therefore, ORDER appellant to show cause in writing by **May 19, 2020** why this appeal should not be dismissed for lack of jurisdiction.

It is so **ORDERED** on May 4, 2020.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ
CLERK OF COURT