

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00077-CV
_____

**THE ESTATE OF PAUL V. BUSH, DECEASED**

On Appeal from the County Court at Law No 3
Lubbock County, Texas
Trial Court No. 2018-781,469, Honorable Ben Webb, Presiding

January 4, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and BRANCHEAU,[1] JJ.

Appellant, Leslie Doggett, appeals from the trial court's *Order Denying Movant's Objection to Admitting Will to Probate.* We dismiss the appeal for want of jurisdiction.

In 2018, Patsy Bush Moffett and Paula Bush Switzer filed an application for probate of the will of Paul V. Bush, decedent, and for issuance of letters testamentary. Doggett objected to the application, contesting the mental capacity of the decedent to execute the will. All parties sought attorney's fees. Following a hearing, the trial court denied

---

[1] Honorable Curt Brancheau, Judge, 84th District Court, sitting by assignment.

Doggett's objection but postponed ruling on the attorney's fees issue. The trial court's order did not admit the will to probate or grant letters testamentary. This appeal followed.

Our appellate jurisdiction is limited to appeals from final judgments and interlocutory orders made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). Generally, only one final judgment is issued in a case, one that disposes of all parties and claims. *See* TEX. R. CIV. P. 301; *Lehmann*, 39 S.W.3d at 195. Probate proceedings, however, are an exception to the "one final judgment" rule as multiple judgments may be rendered on discrete issues before the entire probate proceeding is concluded. *Brittingham-Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). This exception applies where there is (1) an express statute that declares the phase of the probate proceeding to be final and appealable or (2) when the probate order has sufficient attributes of finality to confer appellate jurisdiction by adjudicating a substantial right or disposing of "all issues in the phase of the proceeding for which it was brought." *Id.* (discussing *Crowson v. Wakeham*, 897 S.W.2d 779, 782-83 (Tex. 1995)).

We have found no statute declaring the trial court's order denying Doggett's objection to the application for probate to be final and appealable and find no indicia of finality to confer appellate jurisdiction in the present order. The order does not adjudicate a substantial right or dispose of all issues in this phase of the proceedings. Rather, the trial court has not yet resolved the attorney's fees claims of the applicants, admitted the will to probate, or issued letters testamentary. *See In the Estate of Coleman*, 360 S.W.3d 606, 610 (Tex. App.—El Paso 2011, no pet.) (finding a probate order was not a final order because it left unresolved the request to admit will to probate, issue letters testamentary,

2

or appoint an executor).   Finally, we have found no statute permitting appeal of this interlocutory order.

By letter of November 23, 2021, we notified Doggett that it did not appear that a final judgment or appealable order had been issued by the trial court and directed him to show how we have jurisdiction over this appeal.   Doggett filed a response agreeing that "the order denying Appellant's objections to admitting Will to probate appears to be interlocutory, and not a final order," but has not demonstrated grounds for continuing the appeal.

Because Doggett has not presented this Court with a final judgment or appealable order, we dismiss his appeal for want of jurisdiction.   *See* TEX. R. APP. P. 42.3(a).

Judy C. Parker
Justice