FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

August 24, 2022

No. 04-21-00300-CV

**IN THE MATTER OF THE ESTATE OF VAN L. CRAPPS, DECEASED**

From the County Court at Law, Medina County, Texas
Trial Court No. 9498
Honorable Mark Cashion, Judge Presiding

# O R D E R

Sitting:     Patricia O. Alvarez, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

In the underlying case, on April 12, 2021, the trial court signed an order admitting to probate a purported will: the February 5, 2019 "Last Will and Testament" of Van L. Crapps (Slim). The order appointed Lucille M. Crapps, Slim's widow, and Hunter Schuehle, Slim's business partner and long-time attorney, as independent co-executors of the estate. The order also authorized issuance of letters testamentary.

On May 3, 2021, Van Kevin Christensen, Slim's only child, filed a will contest. Kevin sued Lucille and Hunter in their individual capacities and as independent co-executors of the estate.

Kevin's will contest included a request to set aside the admitted will, appoint a temporary administrator, establish a constructive trust, and render declaratory judgment that the instrument was not complete and not properly admitted. He also raised claims of undue influence, conspiracy, breach of fiduciary duty (to Slim), and fraud. He sought actual damages, exemplary damages, and attorney's fees.

On May 11, 2021, Kevin filed a motion for new trial addressing the trial court's order admitting the will to probate. He argued the February 5, 2019 instrument was not a valid will because it had missing pages, the purported will was procured by fraud and undue influence, and Lucille and Hunter were unqualified to serve as executors. The trial court denied the motion.

Kevin filed a notice of appeal, the appellate record was filed, and the parties filed their briefs. In his brief, Kevin questions whether this court has jurisdiction in this appeal. Appellees assert, without citing supporting authorities, that this court has jurisdiction in this appeal.

Typically, unless an interlocutory appeal is authorized by statute, a judgment must be final to be appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (noting "an appeal may be taken only from a final judgment"); *see also Dallas Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 758 (Tex. 2019) (noting the legislature's actions authorizing many more types of interlocutory appeals and recognizing that "[l]imiting appeals to final judgments can no longer be said to be the general rule'").

However, "[p]robate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192).

"If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls." *Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). If there is no controlling statute, to be appealable, "the order [must] dispose of all issues in the phase of the proceeding for which it was brought." *Id.* at 578.

Generally, an order admitting a will to probate, appointing an independent executor, issuing letters testamentary, and declaring that no other action shall be had in the probate court other than the return of an inventory, appraisement, and list of claims ends a discrete phase of the probate proceeding and is an appealable order. *In re Estate of Coleman*, 360 S.W.3d 606, 610 (Tex. App.—El Paso 2011, no pet.) (citing *In re Hudson*, 325 S.W.3d 811 (Tex. App.—Dallas 2010, no pet.)).

However, "if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)); *cf. In re Estate of Coleman*, 360 S.W.3d at 609 (recognizing that resolving a motion for summary judgment against claims in a will contest "may logically be considered part of the proceedings to admit the will to probate").

For example, "if the order admitting the Will to probate merely leads to further hearings on an issue, it is interlocutory." *In re Estate of McKissick*, No. 13-02-022-CV, 2003 WL 1847072, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 10, 2003, no pet.) (mem. op.).

We ORDER Appellant to SHOW CAUSE in writing within TWENTY DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction. If Appellant does not timely provide written proof as ordered, this appeal will be dismissed without further notice.

We WITHDRAW our February 2, 2022 submission date. We will reset this appeal for submission at a later date.

It is so **ORDERED** on August 24, 2022.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT

