

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00300-CV

**IN THE MATTER OF THE ESTATE OF** Van L. **CRAPPS**, Deceased

From the County Court at Law, Medina County, Texas
Trial Court No. 9498
Honorable Mark Cashion, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: October 12, 2022

DISMISSED FOR WANT OF JURISDICTION

In this appeal from an order admitting a will to probate, the decedent's son filed a will

contest.  He sought to, inter alia, invalidate the will, disqualify the executors, obtain damages for

his affirmative claims, and be awarded attorney's fees.

The son's will contest claims may logically be considered part of the phase to admit the

will, and the trial court has not disposed of all the son's issues.  Thus, the order is interlocutory,

no statute allows such an appeal, and we must dismiss this appeal for want of jurisdiction.

### BACKGROUND

Appellant Van Kevin Christensen is the adult son and only child of Van L. Crapps (Slim)

and Betty Fae, Slim's first wife.  Slim and Betty Fae married in the mid-1950s, but in the early

1970s, they divorced. Slim next married Rosanne; she passed away in 1998. In 1999, Lucille became Slim's third wife. Slim passed away on March 31, 2021.

## A. Application to Probate Will

The next day, Lucille, and Slim's business partner and long-time attorney, Hunter Schuehle, filed an application to probate Slim's February 5, 2019 "Last Will and Testament," which Kevin refers to as the "2019 Instrument."[1]

Eleven days later, the presiding judge of the Medina County Court at Law signed an order admitting the will to probate. The order appointed Lucille and Hunter as independent co-executors to serve without bond. It also authorized the issuance of letters testamentary.

## B. Will Contest

Three weeks later, Kevin filed a will contest. The will contest included a request to set aside the 2019 Instrument, declare it not a valid will, grant injunctive relief, appoint a temporary administrator, establish a constructive trust, and other claims. Specifically, Kevin sued Lucille and Hunter individually, and in their capacities as independent co-executors of the estate, for undue influence, conspiracy, breach of fiduciary duty (to Slim), and fraud. Kevin also sought actual damages, exemplary damages, and attorney's fees.

## C. Motion for New Trial

Subsequently, Kevin filed a motion for new trial addressing the trial court's order admitting the will to probate. He argued the 2019 Instrument was not a valid will because it had missing pages, and it was procured by fraud and undue influence. He added that Lucille and Hunter were unqualified to serve as executors.

---

[1] For convenience, we use the terms "Slim's will" and "the 2019 Instrument." Neither term is a comment on the validity or invalidity of the document.

After the trial court advised the parties by letter that it would deny Kevin's motion for new trial, Kevin filed a notice of appeal.

## D.    Question of Appellate Jurisdiction

In his appellate brief, Kevin notes the challenged order may be interlocutory, but he "filed his Notice of Appeal out of an abundance of caution." We ordered Kevin to show cause why this appeal should not be dismissed for want of jurisdiction.

His response cites cases holding that an order determining the validity of a will is a final, appealable order. In the alternative, he cites cases where courts determined an order admitting a will to probate was not final because it did not dispose of all issues in that discrete phase.

We begin by reciting the standard of review and applicable law.

### STANDARD OF REVIEW

"Whether an appellate court has jurisdiction to determine the merits of an appeal is a question of law . . . ." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (citing *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020)). We review questions of law de novo. *In re Guardianship of Thrash*, 610 S.W.3d 74, 77 (Tex. App.—San Antonio 2020, pet. denied); *see also Estate of Burns*, 619 S.W.3d 747, 750 (Tex. App.—San Antonio 2020, pet. denied).

### APPELLATE JURISDICTION

Typically, unless an interlocutory appeal is authorized by statute, a judgment must be final to be appealable. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)).

However, "[p]robate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Id.* (quoting *Lehmann*, 39 S.W.3d at 192); *In re Guardianship of Thrash*, 610 S.W.3d at 77.

For example, an order admitting a will to probate, appointing an independent executor, issuing letters testamentary, and declaring that no other action shall be had in the probate court other than the return of an inventory, appraisement, and list of claims ends a discrete phase of the probate proceeding and is generally an appealable order. *In re Estate of Coleman*, 360 S.W.3d 606, 610 (Tex. App.—El Paso 2011, no pet.) (citing *In re Hudson*, 325 S.W.3d 811, 811 (Tex. App.—Dallas 2010, orig. proceeding)).

"If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls." *De Ayala*, 193 S.W.3d at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)).

"But where no express statute controls, 'if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.'" *In re Guardianship of Thrash*, 610 S.W.3d at 77 (quoting *De Ayala*, 193 S.W.3d at 578); *cf. Estate of Moreno*, No. 04-19-00600-CV, 2020 WL 3259875, at \*1 (Tex. App.—San Antonio June 17, 2020, no pet.) (mem. op.) (recognizing that "will contest claims may logically be considered a part of the proceeding to admit [decedent's] will and the codicil to probate and to issue letters testamentary"); *In re Estate of Coleman*, 360 S.W.3d at 609 (recognizing that resolving a motion for summary judgment against claims in a will contest "may logically be considered part of the proceedings to admit the will to probate").

## DISCUSSION

We turn now to the parties' arguments.

**A.      Parties' Arguments**

Kevin does not argue that any statute makes the trial court's order appealable.  Instead, citing *Crowson*, he argues the trial court's order admitted the 2019 Instrument to probate, no other claims were then pending, and the order is final and appealable.  *See Crowson*, 897 S.W.2d at 783.

In the alternative, citing *Estate of Moreno*, he notes his will contest could be considered part of the proceeding to probate Slim's will.  *See Estate of Moreno*, 2020 WL 3259875, at *1.

Lucille and Hunter assert that because the trial court admitted the will to probate and denied Kevin's requests to reconsider that ruling, the order terminated a discrete phase of the proceeding, and the issue is ripe for appeal.

**B.      No Controlling Statute**

The parties do not argue that any statute makes the trial court's order appealable, and we have found none.  We agree that no statute controls.  Thus, we must determine whether the trial court's order admitting the will to probate terminated a discrete phase of the proceedings.  *See De Ayala*, 193 S.W.3d at 578.

**C.      Kevin's Will Contest Issues**

After Slim's will was admitted, Kevin filed his will contest; it seeks the following relief:

- set aside the April 12, 2021 order admitting the will to probate;
- declare that the 2019 Instrument is not a valid will;
- invalidate and void the 2019 Instrument;
- find that Lucille and Hunter exercised undue influence over Slim to execute the 2019 Instrument;
- find that Lucille and Hunter breached their fiduciary duties to Slim;
- find that Lucille and Hunter conspired to "abuse their positions of trust and in breach of their fiduciary duties";
- impose a constructive trust over any assets wrongfully acquired by Lucille or Hunter;

- find that Lucille and Hunter committed fraud by misleading Slim to execute the 2019 Instrument;
- render judgment for actual damages, exemplary damages, and attorney's fees;
- grant injunctive relief, including a temporary restraining order, temporary injunction, and permanent injunction; and
- appoint a temporary administrator of the estate.

Kevin's will contest issues are logically part of the proceeding to admit Slim's will to probate. *See Estate of Moreno*, 2020 WL 3259875, at \*1; *In re Estate of Coleman*, 360 S.W.3d at 609.

## D.     Motion for New Trial

About eight days after he filed his will contest, Kevin filed a motion for new trial—which also challenged aspects of the order admitting the will to probate. Kevin's motion argued that the will was invalid due to missing pages, the will was procured by fraud and undue influence, Lucille and Hunter breached their fiduciary duty to Slim, and Lucille and Hunter were unqualified to serve as executors.

The trial court's order denied Kevin's motion for new trial, but the order did not address all the issues in Kevin's will contest.

## E.     Unresolved Issues

We may conclude that the trial court's order denying the motion for new trial and stating that the will was properly admitted to probate implicitly denied Kevin's claims of will invalidity, fraud, undue influence, and breach of fiduciary duty to Slim. *Cf. West v. SMG*, 318 S.W.3d 430, 436 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Davis Family Blanco Rd. Prop. Tr. v. Canyon Creek Estates Homeowners Ass'n*, No. 04-09-00007-CV, 2009 WL 3382232, at \*5 (Tex. App.—San Antonio Oct. 21, 2009, no pet.) (mem. op.).

But the order did not expressly rule on Kevin's claims for a constructive trust, actual damages, exemplary damages, attorney's fees, injunctive relief, and appointment of a temporary

administrator. We cannot conclude as a matter of law that the trial court's order implicitly denied all this relief. *Cf. West*, 318 S.W.3d at 436.

Further, the record does not contain an order that disposes of these issues. These issues are part of the proceeding to admit Slim's will to probate, and because they remain unresolved, the discrete phase of admitting the will to probate is not yet complete. *See Estate of Moreno*, 2020 WL 3259875, at *1; *In re Estate of Coleman*, 360 S.W.3d at 609.

## F.     Distinguishing Other Cases

Kevin cites *Kongs*, *Sanders*, and *Hudson* for the proposition that "[a]n order determining the validity of a will concludes an essential phase in the administration of an estate." *Kongs v. Harmon*, No. 03-97-00444-CV, 1998 WL 394177, at *2 (Tex. App.—Austin July 16, 1998, pet. denied); *see Sanders v. Capitol Area Council*, 930 S.W.2d 905, 909 (Tex. App.—Austin 1996, no writ); *see also In re Hudson*, 325 S.W.3d at 811. We are not persuaded that these cases apply.

First, these cases are distinguishable on their facts: the challenged orders in those cases did not leave related issues unresolved.

Second, there is another proposition that *Kongs* and *Sanders* both expressly recognize, and we conclude it applies here: "[I]f there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Crowson*, 897 S.W.2d at 783; *see Kongs*, 1998 WL 394177, at *2 (restating *Crowson*'s proposition); *Sanders*, 930 S.W.2d at 909 (same); *see also De Ayala*, 193 S.W.3d at 578 (quoting *Crowson*'s proposition).

As we have explained, the record does not show that all of Kevin's issues that may be considered part of the will contest phase of the proceedings have been disposed of. *See De Ayala*, 193 S.W.3d at 578; *Crowson*, 897 S.W.2d at 783.

## CONCLUSION

Kevin's will contest claims may logically be considered part of the discrete phase of the proceeding to admit the will to probate. But neither the trial court's order admitting the will to probate, nor its order denying the motion for new trial, disposed of all the issues presented in Kevin's will contest. Thus, the trial court's order admitting the will to probate is interlocutory.

Because no statute authorizes an interlocutory appeal in these circumstances, we dismiss this appeal for want of jurisdiction.

Patricia O. Alvarez, Justice