Fourth Court of Appeals
San Antonio, Texas



## MEMORANDUM OPINION

No. 04-23-00287-CV

**IN THE MATTER OF THE ESTATE OF** Eddy Colbert **CARR**

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. 2022-PC-0301
Honorable Kirsten Legore, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:     Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: August 7, 2024

DISMISSED FOR LACK OF JURISDICTION

Appellant Gladys Carr attempts to appeal two probate court orders. Because we conclude one order is moot and the other is interlocutory, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

### BACKGROUND

Eddy Colbert Carr died in August 2022 in Guadalupe County, Texas. The following month, his son Michael Carr applied to have his father's will admitted to probate and sought appointment as the independent executor. Gladys then opposed the application and contested the will. On February 22, 2023, the will was admitted to probate, and Michael was appointed as dependent executor. Gladys opposed the February 22 order by filing a "jury trial demand" for her will contest,

a discovery motion, and a motion for a new trial. On March 8, 2023, the trial court set aside the February 22, 2023 order.

Thereafter, Gladys filed a notice of appeal attempting to appeal the February 22, 2023 order and the March 8, 2023 order.

## APPELLATE JURISDICTION

### A. The February 22, 2023 Order

Although Gladys does not raise whether this court has jurisdiction to hear this appeal, "we are obligated to review sua sponte issues affecting our appellate jurisdiction."[1] *Gruss as Tr. of Gallagher Fam. Tr. v. Gallagher*, No. 14-21-00332-CV, 2023 WL 1988320, at *3 (Tex. App.—Houston [14th Dist.] Feb. 14, 2023, no pet.) (mem. op.) (citing *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004)).[2] One jurisdictional issue is mootness. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (explaining when case becomes moot, court loses jurisdiction). The mootness doctrine—"a constitutional limitation founded in the separation of powers between the governmental branches"—requires us to dismiss moot appeals. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021). An appeal is moot if, among other things, "(1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests," or if "(4) any decision would constitute an impermissible advisory opinion." *Id.* at 634–35.

---

[1] Appellee Michael Carr did not file a brief.

[2] "Whether we have appellate jurisdiction is a question of law that we review de novo." *Khanduja v. Scheffler*, No. 01-22-00273-CV, 2024 WL 332995, at *4 (Tex. App.—Houston [1st Dist.] Jan. 30, 2024, no pet.) (mem. op.).

Here, Gladys filed a notice of appeal attempting to appeal the February 22, 2023 order. However, the record shows that order was set aside in the March 8, 2023 order. Because the February 22, 2023 order has been set aside and is no longer in effect, the order is not reviewable; and if we were to review it, our review would result in an impermissible advisory opinion. *See id.* at 634–35; *see also In re Est. of Munoz*, No. 04-17-00218-CV, 2017 WL 3270338, at *1 (Tex. App.—San Antonio Aug. 2, 2017, no pet.) (per curiam) (mem. op.) (providing "[b]ecause the order upon which the notice of appeal is based has been set aside, we agree with appellee that the appeal is moot"); *In re Est. of Trevino*, No. 04-04-00610-CV, 2004 WL 2237706, at *1 (Tex. App.—San Antonio Oct. 6, 2004, no pet.) (per curiam) (mem. op.) (dismissing appeal where order forming basis of appeal no longer in effect and appeal therefore became moot).

Accordingly, we must dismiss the appeal of the February 22, 2023 order as moot.

## B. The March 8, 2023 Order

Turning to Gladys's appeal of the March 8, 2023 order, the order "set[s] aside" the February 22, 2023 order admitting the will to probate and appointing Michael as the dependent administrator. In general, "appeals may be taken only from final judgments." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). "Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Id.* (quoting *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001)).

"Not every order entered in a probate case is appealable, however." *Khanduja*, 2024 WL 332995, at *4. If a probate order issues pursuant to a statute that "declares a particular phase of probate proceedings to be final and appealable," then "the statute controls." *Id.*; *see, e.g.*, TEX. EST. CODE § 202.202(a) ("The judgment in a proceeding to declare heirship is a final judgment."). *See generally De Ayala*, 193 S.W.3d at 578 ("If there is an express statute, such as the one for the

complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls." (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). "In the absence of such a statute, a probate order is final and appealable only if it disposes of all issues in the phase of the proceeding for which it was brought." *Khanduja*, 2024 WL 332995, at *4. *See generally De Ayala*, 193 S.W.3d at 578 ("Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." (quoting *Crowson*, 897 S.W.2d at 783)). "If an order disposes of a phase of the proceeding that 'if asserted independently, would be the proper subject of a lawsuit,' then the order is appealable." *Khanduja*, 2024 WL 332995, at *5 (quoting *De Ayala*, 193 S.W.3d at 578). "On the other hand, the order is interlocutory—and thus not appealable—if it 'does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings.'"[3] *Khanduja*, 2024 WL 332995, at *5 (quoting *De Ayala*, 193 S.W.3d at 579).

Here, there is no statute providing that an order setting aside another order admitting a will to probate and appointing a dependent administrator is final and appealable.[4] *See Khanduja*, 2024 WL 332995, at *4. Nor does the order end any phase of any proceeding or dispose of any substantive claim or issue. Instead, the order sets the stage for the resolution of later proceedings: the will contest and the appointment of an executor.[5] *See id.* at *5; *see also De Ayala*, 193 S.W.3d at 578 (providing order denying motion to dismiss an entire proceeding for want of subject matter jurisdiction did not dispose of claim and more akin to "a prelude than a finale"); *In re Est. of*

---

[3] Such an order "may be made final [and appealable] by a severance order." *Crowson*, 897 S.W.2d at 783.

[4] Nor was the order made final by a severance order. *See Crowson*, 897 S.W.2d at 783.

[5] Shortly after the order was issued, the probate court issued an order appointing a temporary dependent administrator for the pendency of the will contest brought by Gladys.

*Coleman*, 360 S.W.3d 606, 611 (Tex. App.—El Paso 2011, no pet.) (providing where order granting new trial that set aside previous order admitting will to probate "essentially wipes the slate clean and starts over").

Because we conclude the March 8, 2023 set-aside-order is not final or appealable, we do not have appellate jurisdiction to consider the order on appeal. *See De Ayala*, 193 S.W.3d at 578; *Khanduja*, 2024 WL 332995, at *4.

## CONCLUSION

Accordingly, we dismiss the appeal for lack of jurisdiction.

Luz Elena D. Chapa, Justice