

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00287-CV

**IN THE MATTER OF THE ESTATE OF** Eddy Colbert **CARR**

From the County Court At Law No. 2, Guadalupe County, Texas
Trial Court No. 2022-PC-0301
Honorable Kirsten Legore, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: November 6, 2024

DISMISSED FOR LACK OF JURISDICTION; MOTION FOR EN BANC
RECONSIDERATION DENIED AS MOOT

On August 7, 2024, we issued an opinion and judgment dismissing this case for lack of jurisdiction. On August 20, 2024, appellant Gladys Carr filed a motion for en banc reconsideration. Upon further review of the record, we withdraw our August 7, 2024 opinion and judgment, and substitute this opinion and judgment in its place. Because we substitute this opinion and judgment for our August 7, 2024 opinion and judgment, we deny the motion for en banc reconsideration as moot.

Appellant Gladys Carr attempts to appeal certain probate court orders. Because we conclude one order is moot and the other is not appealable, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

## BACKGROUND

Eddy Colbert Carr died in August 2022 in Guadalupe County, Texas. The following month, his son Michael Carr applied to have his father's will admitted to probate and sought appointment as the independent executor. Gladys then opposed the application and contested the will. On February 22, 2023, the will was admitted to probate, and Michael was appointed as dependent executor. Gladys opposed the February 22 order by filing a "jury trial demand" for her will contest, a discovery motion, and a motion for a new trial. On March 8, 2023, the trial court set aside the February 22, 2023 order. On the following day, the trial court appointed a temporary dependent administrator pending the resolution of the will contest.

Thereafter, Gladys filed a pro se notice of appeal.[1]

## APPELLATE JURISDICTION

### A. The February 22, 2023 Order

Although Gladys does not raise whether this court has jurisdiction to hear this appeal, "we are obligated to review sua sponte issues affecting our appellate jurisdiction."[2] *Gruss as Tr. of Gallagher Fam. Tr. v. Gallagher*, No. 14-21-00332-CV, 2023 WL 1988320, at \*3 (Tex. App.—Houston [14th Dist.] Feb. 14, 2023, no pet.) (mem. op.) (citing *M.O. Dental Lab v. Rape*, 139

---

[1] Gladys's notice of appeal identifies the orders she is appealing as the order "admit[ing] [] the will [to probate] on February 22, 2023 and [] the order of March 8, 2023." She later again adds she is "appeal[ing] the March 8 ruling . . . and the February ruling." *See* TEX. R. APP. P. 25.1(d)(2) ("The notice of appeal must: . . . state the date of the judgment or order appealed from.").

[2] Appellee Michael Carr did not file a brief.

S.W.3d 671, 673 (Tex. 2004)).[3] One jurisdictional issue is mootness. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (explaining when case becomes moot, court loses jurisdiction). "The mootness doctrine—a constitutional limitation founded in the separation of powers between the governmental branches," *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021), requires us to dismiss moot appeals, *see id.* An appeal is moot if: "(1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the . . . outcome, (3) the court can no longer grant the requested relief or otherwise affect . . . part[y] rights or interests, or (4) any decision would constitute an impermissible advisory opinion." *Id.* at 634–35.

Here, Gladys filed a notice of appeal attempting to appeal the February 22, 2023 order. However, the record shows that order was set aside in a March 8, 2023 order. Because the February 22, 2023 order has been set aside and is no longer in effect, the order is not reviewable; and if we were to review it, our review would result in an impermissible advisory opinion. *See id.* at 634–35; *see also In re Est. of Munoz*, No. 04-17-00218-CV, 2017 WL 3270338, at *1 (Tex. App.—San Antonio Aug. 2, 2017, no pet.) (per curiam) (mem. op.) (providing "[b]ecause the order upon which the notice of appeal is based has been set aside, we agree with appellee that the appeal is moot"); *In re Est. of Trevino*, No. 04-04-00610-CV, 2004 WL 2237706, at *1 (Tex. App.—San Antonio Oct. 6, 2004, no pet.) (per curiam) (mem. op.) (dismissing appeal where order forming basis of appeal no longer in effect and appeal therefore became moot).

Accordingly, we must dismiss the appeal of the February 22, 2023 order as moot.

---

[3] "Whether we have appellate jurisdiction is a question of law that we review de novo." *Khanduja v. Scheffler*, No. 01-22-00273-CV, 2024 WL 332995, at *4 (Tex. App.—Houston [1st Dist.] Jan. 30, 2024, no pet.) (mem. op.).

## B. The Other Order Being Appealed

Turning to the remainder of Gladys's appeal, it is unclear what other order (or orders) Gladys is appealing. Gladys's notice of appeal identifies the February 22, 2023 and March 8, 2023 orders. She again identifies these orders on the cover of her brief and in various citations in the brief and the appendix. However, Gladys's complaints in her brief about fees pertain to a *March 9, 2023 order*, and she includes a copy of the March 9, 2023 order in her appendix.[4] Gladys's notice of appeal, however, provides she is appealing the March 8 [sic], 2023 order "in SECTIONS AND IN PARTS," suggesting she likely meant the March 9 order because, unlike the March 8 order, it contains sections. If "a party has timely made a bona fide attempt to invoke appellate jurisdiction, the court of appeals must accept the deficient notice [of appeal] or give the party an opportunity to amend and refile it to perfect the appeal." *State ex rel. Durden v. Shahan*, 658 S.W.3d 300, 305 (Tex. 2022).

Assuming Gladys made a bona fide attempt to appeal the March 9 order, we consider whether the March 9 order is final and appealable. "Generally, appeals may be taken only from final judgments, but probate proceedings are an exception to the one final judgment rule." *Est. of Brown*, No. 23-0258, 2024 WL 3995734, at *3 n.7 (Tex. Aug. 30, 2024) (quoting *Brittingham–Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)) (internal quotation marks omitted). "[I]n such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Mackie*, 193 S.W.3d at 578 (quoting *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001)).

---

[4] Gladys does not include any record citations to the March 9 order in her brief. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

"Not every interlocutory order in a probate case is appealable, however, and determining whether an otherwise interlocutory probate order is final enough to qualify for appeal, has proved difficult." *Mackie*, 193 S.W.3d at 578. If a probate order issues pursuant to a statute that "declares a particular phase of probate proceedings to be final and appealable," then "the statute controls." *Khanduja*, 2024 WL 332995, at *4; *see also* TEX. CIV. PRAC. & REM. CODE § 51.014(a) (providing person may appeal certain enumerated interlocutory orders of probate courts). *See generally Mackie*, 193 S.W.3d at 578 ("If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls." (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)) (internal quotation marks omitted)).

Even if there is no controlling statute, "an order disposing of all issues and all parties 'in the phase of the proceeding for which it was brought' is final and appealable even when the proceeding remains pending as to other issues." *Matter of Guardianship of Jones*, 629 S.W.3d 921, 925–26 (Tex. 2021) (quoting *Crowson*, 897 S.W.2d at 783); *see, e.g.*, *Brown*, 2024 WL 3995734, at *3 n.7 (same); *Khanduja*, 2024 WL 332995, at *4 (same). "Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Mackie*, 193 S.W.3d at 578 (quoting *Crowson*, 897 S.W.2d at 783) (internal quotation marks omitted). In other words, "[i]f an order disposes of a phase of the proceeding that 'if asserted independently, would be the proper subject of a lawsuit,' then the order is appealable." *Khanduja*, 2024 WL 332995, at *5 (quoting *Mackie*, 193 S.W.3d at 578). "Recognizing the inherent difficulties in applying any test to determine appealability, [the Texas Supreme Court] urged parties to seek severance orders to eliminate ambiguities about whether the order was

intended to be final and appealable." *Mackie*, 193 S.W.3d at 578 (concluding order denying motion to dismiss entire proceeding for want of subject matter jurisdiction "more like a prelude than a finale" because it did "not dispose of a claim that, if asserted independently, would be the proper subject of a lawsuit").

"On the other hand, the order is interlocutory—and thus not appealable—if it 'does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings.'" *Khanduja*, 2024 WL 332995, at *5 (quoting *Mackie*, 193 S.W.3d at 579); *see also Mackie*, 193 S.W.3d at 578–79 (concluding order interlocutory and not appealable where order denied plea to jurisdiction and refused to remove executor because order did not end phase of proceedings, but set stage for resolution of all proceedings).

Here, the March 9 order: (1) appoints a temporary dependent administrator of the Carr Estate pending Gladys's will contest and identifies the administrator's duties; (2) authorizes Gladys to use estate assets to perform an autopsy; and (3) "further orders that the total amount of any expenses incurred and paid by the Estate for the storage of [Eddy Colbert Carr's body], that have accrued on and after the date of this Order shall be deducted from [Gladys's] share of the final distribution of any remaining Estate assets, to which she may be entitled as a beneficiary of the Estate."

Gladys does not challenge the appointment of the temporary dependent administrator or the performance of the autopsy.[5] She challenges the portion of the trial court's order that provides

---

[5] In her request for reconsideration of the March 9 order, she explains she is "ok" with someone being temporary dependent administrator. Even if she had challenged the appointment, there is no statute providing a temporary dependent administrator appointment order is final and appealable. *See Mackie*, 193 S.W.3d at 578; *see, e.g.*, *Khanduja*, 2024 WL 332995, at *4. And courts considering the issue have repeatedly concluded the appointment of a temporary administrator is not an order disposing of all issues and all parties in a discrete phase of a probate proceeding. *See, e.g.*, *Estate of Harris*, No. 02-17-00265-CV, 2017 WL 4172585, at *1 (Tex. App.—Fort Worth Sept. 21, 2017, pet. denied) (per curiam) (mem. op.) (dismissing for lack of jurisdiction challenge to order appointing temporary dependent administrator); *Harris v. Taylor*, No. 01-15-00925-CV, 2016 WL 4055688, at *3–5 (Tex.

future expenses for storage of the decedent's body be deducted from her "share of the final distribution of any remaining Estate assets, to which she may be entitled to as a beneficiary of the Estate." However, we are not aware of any statute supporting such an order is final and appealable.

Nor does the order actually dispose of all issues and all parties in a particular phase of the proceeding. *See, e.g.*, *Brown*, 2024 WL 3995734, at *3 n.7; *Mackie*, 193 S.W.3d at 579; *Khanduja*, 2024 WL 332995, at *4; *cf. Jones*, 629 S.W.3d at 925 (concluding probate order met standard and was final and appealable where order disposed of all parties and claims on petition for bill of review). The appointment of a temporary administrator by definition is "more like a prelude than a finale" because it does not dispose of a claim, if asserted independently, that would be the proper subject of a lawsuit. *See Mackie*, 193 S.W.3d at 578. In other words, it sets the stage for the resolution of the will contest. *See Khanduja*, 2024 WL 332995, at *5. And the portion of the order making the payment of certain storage expenses is contingent on the resolution of other issues during other discrete phases—the will contest, a subsequent determination of remaining Estate assets, and a further determination of whether Gladys is entitled to assets as an Estate beneficiary. It therefore cannot be said to dispose of any issue or party in a particular phase of any probate proceeding. *See, e.g.*, *Brown*, 2024 WL 3995734, at *3 n.7; *Mackie*, 193 S.W.3d at 579; *Khanduja*, 2024 WL 332995, at *4. Instead, the ruling is appropriately considered as part of the broader phases of the will contest and the determination of remaining Estate assets and beneficiaries, and it sets the stage for the resolution of those proceeding phases. *See Mackie*, 193 S.W.3d at 578; *Crowson*, 897 S.W.2d at 783; *Khanduja*, 2024 WL 332995, at *5.[6]

App.—Houston [1st Dist.] July 28, 2016, no pet.) (mem. op.) (same); *see also In re Robinett*, No. 03-21-00649-CV, 2022 WL 382008, at *1 (Tex. App.—Austin Feb. 9, 2022, orig. proceeding) (mem. op.) (concluding relators lacked adequate remedy by appeal because appointment of temporary administrator was interlocutory and not subject to immediate appeal, citing *Harris v. Taylor*).

[6] Gladys did not seek a severance order in connection with the ruling. *See Mackie*, 193 S.W.3d at 578.

Because we conclude the March 9 order is not final or appealable, we do not have appellate jurisdiction to consider the order on appeal. *See Mackie*, 193 S.W.3d at 578; *Khanduja*, 2024 WL 332995, at *4.[7]

## CONCLUSION

Accordingly, we dismiss the appeal for lack of jurisdiction.

Luz Elena D. Chapa, Justice

---

[7] To the extent Gladys is appealing the March 8 order, that order also is not final or appealable. The March 8 order "set[s] aside" the February 22, 2023 order which admitted the will to probate and appointed Michael as the dependent administrator. No statute provides a set aside order is final and appealable. *See Khanduja*, 2024 WL 332995, at *4. Nor does the March 8 order end any phase of any proceeding or dispose of any substantive claim or issue. Instead, it sets the stage for the resolution of the will contest and the appointment of an executor. *See id.* at *5; *see also Mackie*, 193 S.W.3d at 578; *In re Est. of Coleman*, 360 S.W.3d 606, 611 (Tex. App.—El Paso 2011, no pet.) (providing where order granting new trial that set aside previous order admitting will to probate "essentially wipes the slate clean and starts over").