COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | No. 08-13-00271-CV |
| IN THE MATTER OF THE ESTATE OF | § | |
| | § | Appeal from the |
| JOSE LIDIO ROMO, DECEASED. | § | Probate Court Number One |
| | § | of El Paso County, Texas |
| | § | (TC# 2009-P00624) |

## **O P I N I O N**

This appeal arises from a will contest involving two competing wills. The probate court set aside one will, but has not yet determined whether the other will is valid or admitted that will to probate. On the Court's own motion, we conclude we do not have jurisdiction over this appeal because the order appealed from is not a final order. Accordingly, we dismiss the appeal for lack of jurisdiction.

## **BACKGROUND**

Jose Lidio Romo died on April 10, 2009. Romo had executed a will on May 1, 2001 (the 2001 Will), in which he named his brother Lorenzo both beneficiary and executor of his estate. On June 23, 2009, Lorenzo filed an application to probate Romo's will in cause number 2009-P00624. On September 11, 2009, Lorenzo's daughter, Appellee Alma Luisa Castillo, filed a motion to be designated as successor administrator.

Meanwhile before the above applications were heard, Lorena Ibarra, the guardian of Appellant Louise Merhy Elizabeth Torres, filed an application to probate as a muniment of title another will executed by Romo on June 19, 2006 (the 2006 Will). This application was filed in a separate cause number 2010-P00267-2. The 2006 Will named Romo's "friend" Louise Merhy Elizabeth Torres as sole beneficiary of the Romo estate, and named Lorena Ibarra as a substitute trustee and executor. The probate court issued an order admitting the 2006 Will to probate as a muniment of title on June 2, 2010.

On April 12, 2011, Lorenzo filed an application contesting and seeking to set aside the 2006 Will. Lorenzo's application was filed pursuant to Section 93 of the Texas Probate Code, now Section 256.204 of the Texas Estates Code, which provides for the contest of probated wills.[1] *See* TEX.ESTATES CODE ANN. § 256.204 (West 2014). Lorenzo alleged that the 2006 Will "was attained under testamentary incapacity or undue influence," and noted that the 2006 Will had been filed for probate nine months after the filing of the 2001 Will.

On April 15, 2011, the probate court consolidated the two probate cases into cause number 2009-P00624. A bench trial on the contest to the 2006 Will was held on June 3, 2013.[2] During the testimony of the first witness, the probate court heard evidence that the 2006 Will did not comport with the statutory requirements for a valid will.[3] Without hearing further testimony from

---

[1] The Texas Estates Code became effective on January 1, 2014. Acts 2009, 81st Leg., ch. 680, § 1, eff. Jan. 1, 2014. We will refer to the current provisions of the Texas Estates Code, which supplanted the Texas Probate Code.

[2] A bench trial on the contest was initially held on June 20, 2012. Neither Lorena Ibarra nor Appellant Louise Merhy Elizabeth Torres appeared at this hearing, however. On January 24, 2013, the probate court entered an order granting the contest. Subsequently, Torres filed a motion seeking to set aside the order on the contest, and the court granted that motion and ruled it was going to rehear the contest.

[3] The witness-attestation page of the 2006 Will did not bear the signatures of the two required witnesses, only their typed names. Further, the notary public who notarized the signatures on the 2006 Will testified that Romo did not sign the will in front of the two witnesses, and the two witnesses did not sign the will in each other's presence.

other available witnesses, the trial court granted judgment to Appellee Alma Luisa Castillo, and entered an order on June 12, 2013, setting aside the 2006 Will on the ground it was "void" and "of no cause and effect …."   Louise Merhy Elizabeth Torres, the proponent of the 2006 Will, appeals the probate court's June 12, 2013 order setting aside the 2006 Will.

## ANALYSIS

While the probate court has ruled that the 2006 Will is invalid, it does not appear from the record before us that the probate court has ever taken any action on the validity of the 2001 Will or admitted the 2001Will to probate.   A hearing was scheduled for January 6, 2010, to admit the 2001Will to probate, but the hearing did not proceed due to a problem with citation.   A second hearing was scheduled for February 4, 2013, but again the probate court did not consider or admit the 2001 Will to probate at that time.   The only orders in the record before us concern the 2006 Will:   the June 2, 2010 order admitting the 2006 Will to probate as a muniment of title and order appealed from – the June 12, 2013 order setting aside the 2006 Will as void.

### *Appellate Jurisdiction*

Although neither party has challenged our jurisdiction, we have an obligation to resolve that issue before we can proceed with the merits of the appeal.   *In re Estate of Coleman*, 360 S.W.3d 606, 608-09 (Tex.App. – El Paso 2011, no pet.) (citing *In re Estate of Morales*, 345 S.W.3d 781, 783 (Tex.App. – El Paso 2011, no pet.)); *see Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) ("we must consider our jurisdiction, even if that consideration is sua sponte").   Without jurisdiction, we have no power to address the merits of the appeal.

"A final order issued by a probate court is appealable to the court of appeals." TEX.ESTATES CODE ANN. § 32.001(c) (West 2014).   Outside the probate context, an order is not

3

considered final for appeal unless it disposes of the entire case. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). "But in probate cases, an order may be considered final even if it does not dispose of the entire probate proceeding." *Coleman*, 360 S.W.3d at 609.

The test for determining whether a probate court order is final and appealable is as follows: "If there is an express statute … declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). This so-called *Crowson* test modifies the "one final judgment" rule because of the "need to review controlling, intermediate decisions before an error can harm later phases of the proceeding …." *In re Estate of Padilla*, 103 S.W.3d 563, 566 (Tex.App. – San Antonio 2003, no pet.).

In the present case, an application to probate the 2001 Will was filed first in June 2009, and remained pending when the application to probate the 2006 Will was filed in March 2010. A specific statutory provision governs the procedure to be followed by a trial court when a second application for the probate of a will of the same decedent is filed at a time when an original application has not been heard. *See* TEX.ESTATES CODE ANN. § 256.101(a) (West 2014). Section 256.101(a) provides in relevant part: "If, after an application for the probate of a decedent's will or the appointment of a personal representative for the decedent's estate has been filed but before the application is heard, an application is filed for the probate of a will of the same decedent that has not previously been presented for probate, the court shall: (1) hear both applications together; and (2) determine: (A) if both applications are for the probate of a will,

4

which will should be admitted to probate, if either, or whether the decedent died intestate[.]" *Id.* Section 256.101 further provides that the "court may not sever or bifurcate the proceeding on the applications[.]" *Id*. at § 256.101(b).

This Section "mandates that a court hear together different applications for probate of multiple wills" and that "[t]he mandatory nature of this section leads to a reasonable inference that the drafters of the probate code favor the use of a single proceeding to determine the validity of multiple wills." *Harkins v. Crews*, 907 S.W.2d 51, 57 (Tex.App. – San Antonio 1995, writ denied) (construing Section 83(a) of the Texas Probate Code, which was the predecessor to Section 256.101(a)).

It has also been held that this Section is an "express statute" under the *Crowson* final-order test, because "it requires a trial court to rule on two pending will applications at the same time and determine which will should be admitted to probate." *In re Estate of Gomez*, 161 S.W.3d 615, 616 (Tex.App. – San Antonio 2005, no pet.) (construing Section 83(a) of the former Texas Probate Code). "Accordingly, Section [256.101(a)] controls the finality of a judgment when two competing will applications are pending because it dictates the procedure to be followed by the trial court." *Id.*; *see also McClure v. JPMorgan Chase Bank*, 147 S.W.3d 648, 652 (Tex.App. – Fort Worth 2004, pet. denied) (concluding that nonsuit of second will application was necessary to make a partial summary judgment order final where two competing will applications had been filed).

In the present case, the Lorenzo application for probate of the 2001 Will was filed before, and remained pending when, the application for probate of the 2006 Will was filed. Section 256.101(a) required that the probate court hear both applications together and determine which

5

will should be admitted to probate, if either, or whether the decedent died intestate. The probate court consolidated the two cases and determined that the 2006 Will was invalid. But, the probate court has not yet ruled on the application for probate of the 2001 Will and has not determined if it or any instrument should be admitted to probate. The probate court's order setting aside the 2006 Will therefore is not a final order and is not appealable.

## CONCLUSION

Accordingly, we dismiss the appeal for lack of jurisdiction.[4]

STEVEN L. HUGHES, Justice

June 24, 2015

Before McClure, C.J., Hughes, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment

---

[4] We note that in *Crowson*, the Texas Supreme Court recommended obtaining a severance order "if it meets the severance criteria" to make an otherwise interlocutory order final and appealable. 897 S.W.2d at 783. We also note that the Texas Rules of Appellate Procedure permit us to "allow an appealed order that is not final to be modified so as to be made final[.]" TEX.R.APP.P. 27.2. In the present case, however, Section 256.101(b) expressly prohibits the severance when there are multiple applications for the probate of competing wills. TEX.ESTATES CODE ANN. § 256.101(b). Accordingly, we will not exercise our discretion to allow the appealed order to be modified, because the trial court is forbidden from granting a severance.