

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARIA DEL ROSARIO V. GARCIA, LEE ANN V. MARTINEZ, RUBEN VILLARREAL, JR., JULISSA V. GARCIA, REBECCA VILLARREAL, and RAQUEL V. JUAREZ, | § § § | |
| | § | No. 08-23-00117-CV |
| Appellants, | § | |
| v. | § | Appeal from the |
| JAVIER RAMIREZ as Co-Trustee of the RAMIREZ MINERAL TRUST; SONIA RODRIGUEZ as Co-Trustee of the RAMIREZ MINERAL TRUST; VICTOR M. RAMIREZ as Co-Trustee of the RAMIREZ MINERAL TRUST; SANTIAGO RAMIREZ, JR. as Co-Trustee of the RAMIREZ MINERAL TRUST; VICTOR M. RAMIREZ, an Individual; SANTIAGO RAMIREZ, JR., an Individual; SYLVIA R. RAMIREZ, an Individual; DAHLIA R. LOPEZ, an Individual; SONIA GARZA RODRIGUEZ, an Individual; JAVIER RAMIREZ, an Individual; SOTERO RAMIREZ, JR.. an Individual; AMADO RAMIREZ, JR., AN INDIVIDUAL; PRISCILLA GARZA LOZANO, an Individual; BLAS GARZA III, an Individual; SONIA RODRIGUEZ as Heir and Co-Executor to the Estate of BLAS GARZA, JR.; BLAS GARZA III, as Heir and Co-Executor to the Estate of BLAS GARZA, JR.; PRISCILLA GARZA LOZANO as Heir and Co-Executor to the Estate of BLAS GARZA, JR., | § § § § § § § § § § § § § § | 49th Judicial District Court of Zapata County, Texas (TC# 5,937-C) |
| Appellees. | § | |

<u>**MEMORANDUM OPINION**[1]</u>

Before us is Appellees' motion to dismiss for want of jurisdiction. Appellees argue that the trial court's July 28, 2014 summary-judgment order (the July 2014 order) was a final judgment that disposed of all claims and all parties, rendering this appeal untimely—i.e., filed too late. We disagree and instead conclude that the July 2014 order and subsequent orders of the trial court, including the September 2022 severance order upon which this appeal is predicated, were interlocutory when signed and remain interlocutory today, rendering this appeal untimely—i.e., filed too early. Accordingly, we dismiss the appeal for want of jurisdiction for that reason.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The parties' claims

This case involves a dispute over rights to a strip of land in Zapata County. On June 22, 2007, Appellants[2] intervened in Cause No. 5937 to assert claims against certain Appellees for trespass, conversion, constructive trust, enhanced value damages, request for accounting, and violation of the Texas Natural Resources Code (among other claims). Certain Appellees asserted the affirmative defense of adverse possession (among other defenses). In turn, Appellants asserted "permissive use," an affirmative defense to adverse possession.

In addition, Defendants Chesapeake Zapata, L.P., and Chesapeake Operating, Inc. (the Chesapeake Defendants), who are not involved in this appeal, filed a counterclaim against Appellants (among other parties).

### B. The summary-judgment motions

On November 23, 2010, the Chesapeake Defendants filed two separate motions: the first

---

[1] This case was transferred from our sister court in San Antonio, and we decide it in accordance with the precedent of that court to the extent required by Tex. R. App. P. 41.3.

[2] Ambiguity concerning Appellants' identities is discussed in Part B of the Discussion section below.

is entitled "No Evidence Motion for Summary Judgment against each Plaintiff and each Intervenor [As to Permission or 'Permissive Use']"; and the second is entitled "No Evidence Motion for Summary Judgment against each Plaintiff and each Intervenor [As to Record Title]" (brackets in original).

On November 29, 2010, Appellants (among other parties) filed a "No Evidence Motion for Summary Judgment on the Defendants' Adverse Possession Defense."

On December 2, 2010, the Chesapeake Defendants filed a "Motion for Summary Judgment [Pursuant to Rule 166a(b)–(f) (Traditional Motion)]" (brackets in original). This motion asserted that "Chesapeake is entitled to summary judgment as a matter of law on its adverse possession defense" and that "Plaintiffs[3] also cannot establish a complete chain of title[.]"

Finally, on December 3, 2010, Appellants (among other parties) filed a "Motion for Summary Judgment on Record Title."

## C. The severances and summary-judgment rulings

On December 1, 2011, on a motion filed by Appellants (and certain other parties), the trial court signed an order (the December 2011 order) severing into new Cause No. 5937-A "all claims by [Appellants and certain other parties]."

On July 28, 2014, the trial court signed an "Order on Summary Judgments" in Cause No. 5937-A (the July 2014 order) that: (a) granted "the Traditional Motion for Summary Judgment filed on behalf of Defendants," naming certain Appellees (among other parties) as prevailing parties; (b) granted "the No Evidence Motion for Summary Judgment filed on behalf of Defendants," naming certain Appellees (among other parties) as prevailing parties; (c) denied "the Traditional Motion for Summary Judgment filed on behalf of Plaintiffs," naming Appellants (among other parties) as non-prevailing parties; (d) denied "the No Evidence Motion for Summary

---

[3] "Plaintiffs" here does not include Appellants.

Judgment filed on behalf of Plaintiffs," naming Appellants (among other parties) as non-prevailing parties; and (e) severed into new Cause No. 5937-B the claims of [certain parties, not including any Appellants]. The order concluded that "*[t]hese judgments dispose of all claims and defenses between the parties made the subject of the above-referenced summary judgments; it is a final judgment; and it is appealable.*" (emphasis added).

On June 23, 2022, Appellants filed a motion to sever in Cause No. 5937-A, contending that an unadjudicated claim asserted by Intervenor Ellis, Koeneke, Ramirez & Bishop, LLP (Ellis) prevented the July 2014 order from being final.

On September 1, 2022, the trial court signed an order (the September 2022 order) granting in part the motion to sever, ordering that: (a) "Ellis[]'s Plea . . . remain in Cause No. 5937-A"; (b) "[Appellants'] causes of action and any motions for summary judgment against [Appellants] be severed from Cause No. 5937-A and transferred to a new Cause No. 5937-C"; and (c) "the clerk . . . open a new cause number, 5937-C, and transfer all documents relating to [Appellants] to said new cause number."

### D. Post-summary-judgment events

On September 14, 2022, a suggestion of bankruptcy was filed in relation to at least one of the Chesapeake Defendants.

On February 10, 2023, a notice of nonsuit of the Chesapeake Defendants was filed.

On February 22, 2023, an order granting the nonsuit was signed.

On March 24, 2023, a notice of appeal was filed in the San Antonio Court of Appeals, after having first been filed in the district court on February 15, 2023.

### APPLICABLE LAW: FINAL ORDERS

For this Court to have jurisdiction, the trial court order or judgment appealed from must be final unless an exception applies. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)

4

("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment."); *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) (appeal must be dismissed for want of jurisdiction if there is no final judgment). For a summary-judgment order to be final, it must unambiguously dispose of all claims and all parties. *Lehmann*, 39 S.W.3d at 192–93 (to be final, summary-judgment order must "actually dispose[] of all claims and parties" or "state[] with unmistakable clarity that it is a final judgment as to all claims and all parties"). Further, a summary-judgment order is not final merely because it states it is "final" or "appealable." *Id.* at 205. If the finality of an order is unclear, it may be necessary to look at the record, and "if the record reveals the existence of parties or claims not mentioned in the order, the order is not final." *Id*. at 205–06.

While here both Appellees and Appellants have raised issues regarding whether a final order has been entered, this Court has a duty to address such jurisdictional issues sua sponte as well. *In re Estate of Romo*, 469 S.W.3d 260, 262 (Tex. App.—El Paso 2015, no pet.) ("[W]e must consider our jurisdiction, even if that consideration is sua sponte." (quoting *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012))); *see also Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023) (recognizing that a "court may not reach the merits if it finds a single valid basis to defeat jurisdiction").

## DISCUSSION

### A. The motion to dismiss

We first address Appellees' motion to dismiss, in which they argue that the July 2014 order is a final, appealable order, and thus the window within which to appeal is long closed.

#### (1) *The July 2014 order: ambiguous or unambiguous?*

Appellees argue that the July 2014 order was a final judgment because it "clearly and unambiguously has finality language approved . . . in *Lehmann.*" The Texas Supreme Court in

*Lehmann* approved the formulation: "This judgment finally disposes of all parties and all claims and is appealable." *Lehmann*, 39 S.W.3d at 206. Appellees also cite *In re Daredia*, 317 S.W.3d 247 (Tex. 2010), in which the Texas Supreme Court approved the following variant: "This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL." 317 S.W.3d at 248–49.

But the July 2014 order asserts neither *Lehmann*'s or *Daredia*'s approved language, instead qualifying that: "These judgments dispose of all claims and defenses between the parties *made the subject of the above-referenced summary judgments*." (emphasis added).

Appellants argue that this language is ambiguous, i.e., "[i]t cannot be determined whether the judgments disposed of only the claims and defenses made the subject of the above-referenced summary judgments, or only the parties who were made the subject of the above-referenced judgments." We agree. *See Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 626 (Tex. 2011) (acknowledging that an order's terms are ambiguous if they are "susceptible of more than one reasonable interpretation"). Here, the court's qualifying language creates the ambiguity. On the one hand, the phrase "made the subject of the above-referenced summary judgments" might refer to "the parties," meaning the order did not dispose of any claims or defenses of non-participants in the summary-judgment proceeding. On the other hand, this phrase might refer to "all claims and defenses," meaning the order did not dispose of any claims or defenses not made the subject of the summary-judgment proceeding, including any such claims between participants in the summary-judgment proceeding as well as all claims and defenses of non-participants.

Accordingly, because we conclude the July 2014 order was ambiguous, we next consider whether the record reveals the existence of parties or claims not mentioned in the order. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801–02 (Tex. 2020) ("'Clear and unequivocal' language that reflects an intent to dispose of the entire case is given effect, *but when there is doubt about*

6

*finality*, the record resolves the issue.") (quoting In re R.R.K., 590 S.W.3d 535, 541 (Tex. 2019)).

(2) *The July 2014 order: final or interlocutory?*

In response to the Appellees' motion to dismiss, Appellants argue that the record reveals the existence of both parties and claims not mentioned in the July 2014 order, citing three purported examples.[4] While Appellants' arguments fail to show that the July 2014 order lacked finality, our own jurisdictional inquiry reveals that the July 2014 order is not a final order for multiple reasons. *Salas v. State Farm Mut. Auto. Ins. Co.*, 226 S.W.3d 692, 695 (Tex. App.—El Paso 2007, no pet.) ("It is our duty to inquire into our own jurisdiction . . . .").

To resolve Appellees' motion to dismiss, which asserts that the July 2014 order is final, it is enough that the March 21, 2013 Ellis plea in intervention in Cause No. 5937-A, asserting a breach-of-contract claim, remains unadjudicated. The record confirms both the existence and the unadjudicated status of this claim in Cause No. 5937-A. Further, the impediment to finality posed by Ellis's pending claim was the sole basis for the motion to sever filed on June 23, 2022, which asserted the belief that "if the [Intervenor] Ellis' claims are severed, then such disposed-of claims and defenses between [Appellants] and [Appellees] can be conclusively considered as resolved in a final judgment." The trial court granted the requested severance in the September 2022 order,

---

[4] First, Appellants argue that none of the Ramirez defendants joined the Chesapeake Defendants' motions for summary judgment, thus the trial court lacked authority to grant summary judgment in their favor. But lack of such authority merely results in a reversible order, not an interlocutory one. *Lehmann*, 39 S.W.3d at 204 ("Granting more relief than the movant is entitled to makes the order reversible, but not interlocutory"). Second, Appellants argue that the July 2014 order did not dispose of Appellants' claims against the Ramirez Defendants, i.e., that denial of Appellants' motion for summary judgment merely meant they did not conclusively establish a right to relief. But Appellants' summary-judgment motions on adverse possession and record title were countered by competing summary-judgment motions against them. Thus, failure to dispose of Appellants' claims against the Ramirez Defendants would not have prevented the July 2014 order from being final, assuming Appellees' corresponding motions were granted. *West Texas Equip. Co. v. Walker*, 417 S.W.2d 864, 866 (Tex. App.—Amarillo 1967, writ ref'd n.r.e.) acknowledges that "[a] different rule prevails where both parties file motions for summary judgment and one such motion is granted"; in that case, "the trial court's judgment becomes final and appealable." *See also Ghidoni v. Stone Oak Inc.*, No. 04-20-00055-CV, 2021 WL 469016, at *1 (Tex. App.—San Antonio Feb. 10, 2021, no pet.) (per curiam) (mem. op.) ("This court has jurisdiction to review the denial of a summary judgment motion . . . when the parties file competing motions for summary judgment, and the trial court grants one motion but denies the other."). Third, Appellants argue that because the July 2014 order failed to adjudicate the Chesapeake Defendants' counterclaim, it did not resolve all claims against all parties. However, the December 2011 order severed into Cause No. 5937-A only claims brought *against* the Chesapeake Defendants, not claims brought *by* them.

presumably also believing, but mistakenly as it turns out, that the severance would create a final judgment.

Because we find that the July 2014 order was both ambiguous and failed to dispose of all claims and all parties, as it did not adjudicate the Ellis plea (among other problems, as we explain below), we conclude that the order was not final and appealable. As a result, we reject Appellees' contention that this appeal was untimely, i.e., filed too late, and accordingly deny Appellees' motion to dismiss for want of jurisdiction on that basis.[5]

**B.  The September 2022 order forming the predicate for this appeal**

We next consider whether the September 2022 order—which severed Appellants' causes of action and any summary-judgment motions against them into Cause No. 5937-C, leaving the Ellis plea pending in Cause No. 5937-A—was a final, appealable order.[6]

By severing Appellants' claims and any summary-judgment motions against them into a new case (Cause No. 5937-C), the September 2022 order eliminated the ambiguity in the July 2014 order as to whether any pending claims brought by summary-judgment non-participants or Appellees were intended to be disposed of. However, the September 2022 order did not eliminate the ambiguity in the July 2014 order as to whether Appellants' claims not made the subject of the summary-judgment proceeding—if any such claims exist—were intended to be disposed of. Nor does the September 2022 order contain unqualified "all claims and all parties" language. Thus, we look to the record to determine whether any unaccounted-for issues or parties remain pending in

---

[5] Appellees also argue in their motion to dismiss that there is a conclusive presumption that Appellants abandoned their suit because they "took no action in the trial court to protect and/or enforce their rights if they believed the [2014] judgment was not final—until now, 8½ years later." But whether a suit was abandoned in a trial court is not for a court of appeals to decide. It is for the trial court to decide based on whether there was "a delay of an unreasonable duration. . . . not sufficiently explained," a decision which is then reviewable on appeal under an abuse-of-discretion standard. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (per curiam) (citing *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. [Comm'n Op.] 1942)). Here, no such decision has been made by the trial court.

[6] Following entry of the September 2022 order, the bankruptcy-related events occurred, as described above in Part D of the Factual and Procedural Background. These events do not affect our analysis.

Cause No. 5937-C. Our own jurisdictional inquiry reveals more than one reason why the September 2022 order, which is based on the July 2014 order, is not a final order.

Three summary-judgment motions were severed into Cause No. 5937-C: a traditional motion on adverse possession and two separate no-evidence motions—one on record title and one on permissive use. The traditional motion was granted. However, neither of the two no-evidence motions was unambiguously granted in the July 2014 order. Instead, the order granted "*the* No Evidence Motion for Summary Judgment filed on behalf of [the Chesapeake Defendants and Appellees]" (emphasis added). Because this language—"*the* No-Evidence Motion"—cannot be said to accurately describe either of these no-evidence motions (or both motions collectively), we conclude that the July 2014 and September 2022 orders fail to indicate with unmistakable clarity the disposition of either motion.[7]

Aside from not resolving all ambiguities in the July 2014 order, the September 2022 order also introduces new ambiguities as to whether all claims and all parties in this case have been disposed of. Among the parties whose claims were severed by the September 2022 order are Appellants Maria Del Rosario V. Garcia, Lee Ann V. Martinez, Ruben Villarreal, Jr., Julissa V. Garcia, Rebecca Villarreal, and Raquel V. Juarez. But only one of these parties is named in the July 2014 order: Rebecca Villarreal. And while the July 2014 order names other parties who may be misnomers for one or more Appellants (i.e., Rosario V. Garcia, L.A. Martinez, Ruben Villarreal, Julia Garcia, and Raquel Juarez), on their faces the two orders do not unambiguously refer to the same parties. As a result, it is not unmistakably clear whether the claims of Appellants Maria Del Rosario V. Garcia, Lee Ann V. Martinez, Ruben Villarreal, Jr., Julissa V. Garcia, and Raquel V.

---

[7] Substantively, this matters. While the issues of record title and permissive use are mentioned in Chesapeake's traditional motion for summary judgment, this motion does not purport to conclusively disprove either matter. That is, unlike the accompanying no-evidence motion on record title, the traditional motion does not address each of the three alternative ways to establish title. And unlike the accompanying no-evidence motion on permissive use, the traditional motion merely discusses and makes hearsay objections to certain witnesses' testimony on this topic, which objections do not appear to have been ruled on.

Juarez have been disposed of.

We further note that the December 2011 order severed into Cause No. 5937-A all claims against a list of parties, including an individual named Victor M. Rodriguez. No claims against such an individual were adjudicated by the July 2014 order. Further, at least Appellant Rebecca Villareal's claims against this individual were severed into Cause No. 5937-C and remain pending there. And while we recognize the possibility that "Victor M. Rodriguez" may simply be a misnomer for "Victor M. Ramirez," if this is the case, the error has not been corrected, making it less than unmistakably clear whether claims against Victor M. Rodriguez, if any, have been disposed of.

## CONCLUSION

Because we conclude that no final, appealable order has been entered, we dismiss this appeal for want of jurisdiction.[8]

LISA J. SOTO, Justice

May 31, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[8] Appellants' Motion to Correct Inaccuracies in the Second Supplemental Clerk's Record is denied as moot.

10